## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

          **v.**          : **CRIMINAL NUMBER 12-cr-00106-NS-1**

FRIDAY JAMES          :

### O R D E R

AND NOW, this         day of         , 2012, pursuant to Local Rule of Criminal Procedure 41.1(c), the Court finds the following as to the Government's tape recordings and accompanying transcripts:

    1.  The recording device used was capable of accurately recording the conversation;

    2.  The operator of the recording device was competent;

    3.  The tape recording is authentic and correct;

    4.  There have been no changes in, additions to, or deletions from the tape recording;

    5.  The tape recording has been properly preserved;

    6.  The speakers on the tape recording are properly identified;

    7.  The consenting party to the recording freely and voluntarily consented to the tape recording of the conversation; and

8.  The transcripts of the tape recordings accurately represent the conversation on the tape recording and accurately identify the speakers and parties to the tape recorded conversations.   The video portion of the tape also accurately depicts defendant Friday James.

BY THE COURT:


_____
HONORABLE NORMA SHAPIRO
Senior Judge, United States District Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO.  12-CR-00106-NS-1 |
| | : | |
| FRIDAY JAMES | | |

## GOVERNMENT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION
## TO ADMIT TAPE RECORDINGS

Pursuant to 18 U.S.C. § 2511(2)(c), it is lawful for a person acting under color of law to intercept a wire or oral communication when one of the parties to the communication has given prior consent.  This obviates any need for a warrant or court approval prior to the interception of this type of communication.  United States v. Armocida, 515 F.2d 49, 52 (3d Cir.), cert. denied, 423 U.S. 858 (1975); United States v. Santillo, 507 F.2d 629 (3d Cir.), cert. denied, 421 U.S. 968 (1975).

In presenting this motion, we observe the decision in United States v. Starks, 515 F.2d 112 (3d Cir. 1975), which held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

(1)     That the recording device was capable of accurately recording the conversations now offered in evidence.

(2)     That the operator of the device was competent to operate the device.

(3)     That the recordings are authentic and correct.

(4)     That changes, additions or deletions have not been made in the recordings.

(5)     That the recordings have been preserved in an appropriate manner.

(6)     That the speakers are identified.

(7)     That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

Starks, 515 F.2d at 121 n.11.

However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence.  In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence.  Rule 901(a) states:  "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985).  The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be."  In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986).  "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be."  Id.  After this preliminary determination, the final assessment of authenticity is left to the jury.  Id.

2

Thus, to the extent that <u>Starks</u> required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial court.[1]  Moreover, to the extent that <u>Starks</u> suggests a particular formulation must be followed to establish authenticity of tape recordings, it is not valid.

To be sure, in some cases the factors listed in Starks may remain relevant to the preliminary determination.  This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration.  <u>See</u> Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result").

However, in this case, one of the participants to the conversations is available to testify as a witness, and will attest that the recordings are accurate reproductions of the conversations in which she participated.  The consenting party in this case was an IRS special agent who was acting in an "undercover role" when she met with the defendant.  The agent's testimony, standing alone, is sufficient to meet the "slight" test for authentication.  <u>See</u> Rule 901(b)(1) (authentication may rest on "[t]estimony that a matter is what it is claimed to be"); <u>United States v. Tropeano</u>, 252 F.3d 653, 661 (2d Cir. 2001) (testimony of a participant is alone sufficient to authenticate a tape recording); <u>United States v. Jones</u>, 730 F.2d 593, 597 (10th Cir. 1984) (same); <u>United States v. Albert</u>, 595 F.2d 283, 290 (5th Cir.) (same), <u>cert. denied</u>, 444 U.S. 963 (1979).

---

[1]  The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104.  Thus, the <u>Starks</u> rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence. Indeed, in a civil forfeiture proceeding, the <u>Starks</u> requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

In any event, as set forth in the accompanying motion, all of the factors outlined in

<u>Starks</u> are met in this case and the government's tape recordings of relevant conversations are

admissible at trial.

Respectfully submitted,

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

/Floyd J. Miller
_____

FLOYD J. MILLER
Assistant United States Attorney

4

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

      V.          :   **Criminal Number 12-cr-00106-NS-1**

FRIDAY JAMES          :

## GOVERNMENT'S MOTION TO
## ADMIT TAPE RECORDINGS

      The United States of America, by its attorneys, Zane David Memeger, United

States Attorney for the Eastern District of Pennsylvania, and Floyd J. Miller, Assistant United

States Attorney, hereby moves for the admission of the tape recordings at the trial of the above-

captioned matter and in support thereof avers:

      1.   The defendant is charged with 27 counts of willfully aiding and assisting other

individuals in the preparation of filing of materially false federal income tax returns in violation

of 26 U.S.C. § 7206(2).

      2.   The Government will offer into evidence tape recordings (both video and

audio) of a conversation occurring on February 5, 2012, between defendant Friday James and an

undercover IRS Special Agent.  At the time the tape recording is played aloud, the Government

will move to distribute transcripts of the conversations to the jury.  The jury will able to see

defendant James and well as hear the conversation between the defendant and the undercover

agent.

      3.   Defense counsel has been provided with a copy of the transcript of the tape

recording and with an opportunity to listen to and copy the original tape recording.  Defense

counsel has been requested to inform the Government of any disagreements with the

Government's transcription of the tape recorded conversation and the Government's identification

of the speakers to the conversations.

        4.  As to the tape recording of the conversations, the Government avers:

        (a)  The recording device used was capable of accurately recording the conversation between the defendant and the law enforcement agent as well as producing a video clip of the defendant's face as the conversation occurred;

        (b)  The operator of the recording device was competent;

        (c)  The tape recordings is authentic and correct;

        (d)  There have been no changes in, additions to, or deletions from the tape recording;

        (e)  The tape recording have been properly preserved;

        (f)  The speakers on the tape recordings are properly identified;

        (g)  The consenting party to the recording freely and voluntarily consented to the tape recording of the conversations; and

        (h)  The transcripts of the tape recording accurately represent the conversations on the tape recordings and accurately identify the speakers and parties to the tape recorded conversations.

2

WHEREFORE, the Government respectfully requests this Court to issue the order as attached to this motion.

Respectfully submitted,

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY


/Floyd J. Miller
_____

Floyd J. Miller
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Motion to admit audio/video recorded conversation between defendant Friday James and an IRS Special Agent was electronically filed with the Clerk of Court and that a copy of the same was also served upon counsel for the defendant by United States Mail, Postage Prepaid, which was addressed as follows:

Gilbert J. Scutti, Esquire
Attorney & Counsel or at Law
31 Station Avenue
Somerdale, New Jersey 08083


/Floyd J. Miller
_____

Floyd J. Miller
Assistant United States Attorney

4

5