## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number 12-cr-00106-NS-1** |
| **v.** | : | |
| **FRIDAY JAMES** | : | |

### GOVERNMENT'S  MOTION IN LIMINE

## I.    INTRODUCTION

This motion concerns the government's plan to call a witness from the Internal Revenue Services's ("IRS") Scheme Development Center ("SDC")[1] for the purpose of developing facts, in the trial record, which are relevant to the willfulness element of Section 7206(2).[2]

There are three facets to the definition of relevance, the first of which is relatively inert, and the remaining two of which stimulate most of the disputes about relevance.  These three facets are (1) the evidence one seeks to introduce (2) the testimony pertains to a fact that is of consequence to the determination of the action and (3) the power of the proposed evidence to change the likelihood of a fact of consequence.  *See Sprint/United States Management Co. v. Mendelsohn*, 128 S. Ct. 1140, 1147 Ct. 1140, 1147 (2008) (relevance "exists only as a relation between an item of evidence and a matter properly provable in the case," citing the Advisory

---

[1] The SDC is a unit within the IRS whose primary function is to identify and detect refund fraud and to prevent the issuance of tax refund checks based on fraudulently filed tax returns.  Included within these responsibilities is the identification of tax return preparer who show a pattern of preparing returns that appear to be fraudulent.  At the time of this investigation, the Scheme Detection Center which isolated the returns filed by Defendant James was located in Philadelphia.  That center has now been moved to another location

[2] In addition to the Starks Motion that will be heard on August 20, 2012, government counsel respectfully urge the consider to consider this motion in limine at the August 20th hearing.

Committee Notes to F.R.E 401).

The Third Circuit has approved the admission of evidence in the government's case-in-chief to rebut anticipated defenses. *See United States v. Universal Rehabilitation Services (PA), Inc*. 205 F.3d 657, 665 (3d Cir. 2000) (introduction of witness's plea agreement to meet impeachment). Even if a defendant is willing to stipulate to certain facts, the prosecution is not necessarily required to agree to a proposed stipulation. *Old Chief v. United States*, 519 U.S. 172, 178-179 (1997) (holding that in peculiar circumstances of felon-in-possession statute, stipulation was the equivalent of proof by introduction of the prior conviction); *United States v. Schwartz*, 790 F.2d 1059, 1061 (3d Cir. 1986) (generally speaking, it is for the prosecutor, not the defendant, to shape the government's trial strategy with a view toward sustaining its heavy burden of proof) *United States v. Holman*, 680 F.2d 1340, 1349 (11th Cir. 1982) (assertions by co-counsel that their clients would not contest intent issue of no avail.

## II.   **DISCUSSION**

In this case, the government is required to prove that Defendant Friday knew the legally proper way to prepare tax returns on behalf of clients given his vast experience in doing so. Yet, despite his obvious training and experience, the defendant prepared fraudulent returns the most of which resulted in his clients receiving refunds that they not entitled to receive.

Government counsel plans to call a witness who will provide statistical information – and only statistical information – as identified below:

| Returns Prepared or Submitted | Tax Year 2008 | Ratio |
|---|---|---|
| Total number of returns prepared/filed electronically | 726 | 100% |
| Total number of tax returns claiming refunds | 722 | 99.4% |

| Total number of returns claiming itemized deductions of Schedule A[3] | 505 | 68.4% |
|---|---|---|
| Un-reimbursed employee business expenses | 497 | 68.4% |
| Total Number of returns claiming Earned Income Tax Credit | 333 | 45.8% |
| Total number of returns claiming First Time Home Buyer's Credit | 172 | 23.6% |
| Total number of returns claiming Education Credits | 480 | 64% |
| Total Refunds Paid By IRS to filers for whom Defendant James Prepared Tax Returns For 2008 | $4,260,148 | |

The Supreme Court has consistently held that, to prove willfulness, the government must prove that a defendant voluntarily and intentionally violated a known legal duty. *United States v. Bishop*, 412 U.S. 346, 360 (1973). The Court explained this standard in *United States v. Pomponio,* 429 U.S.C. 10 (1976). In *Pomponio*, the appeals court reversed the defendant's false returns conviction because the trial judge had failed to instruct the jury that it must find that the defendant acted with a bad purpose or evil motive. The Supreme Court

---

[3] "Schedule A" is a form used when preparing a tax return in order to claim "itemized deductions," in lieu of the standard deduction. Taxpayers can either claim itemized deductions on Schedule A or the standard deduction on Form 1040, which is a set dollar amount and is determined by filing status (single, married filing jointly, married filing separate, head of household). Taxpayers choose between "itemized" or "standard" deductions based upon which will give them a larger tax deduction, therefore decreasing their tax liability. In general, most people who have purchased residences and paid a large amount of home mortgage interest can usually benefit by itemizing their deductions, thus, decreasing their taxable income and tax due to the IRS. Conversely, most people who do not own a home, do not pay or pay very little, home mortgage interest generally do not benefit by itemizing deductions, and would benefit more by using the standard deduction.

Other deductions on Schedule A, besides home mortgage interest deduction, are job expenses and certain miscellaneous deductions. This part of Schedule Acontains the section to deduct or "write off"un-reimbursed employee expense, such as job travel, union dues, and job education. The extent to which an income earner, whether an employee who receives an IRS Form W-2 as was the case with virtually of Defendant James' clients -- or people who are independent contractors or self-employed -- the expenses must meet the requirements of Internal Revenue Code Section 162 which only permits the deductions of "ordinary and necessary" expenses which were incurred in a trade or business. As a general rule, with some exceptions, W-2 wage earners do not generate these types of expenses during the year. This fact, standing alone, should have sounded the alarm bell in Defendant James' psyche. Having been a return preparer for H&R Block and Liberty Tax Services before opening his own business, he had to know that W-2 wage earners generally do not incur un-reimbursed business expenses to the extent that he claimed the expenses on their returns, even if the client lied about the expenses in the first instance.

reinstated the conviction, holding that willfulness means no more than "a voluntary, intentional violation of a known legal duty."  *Id*., at 12.

In 1991, the Supreme Court reaffirmed *Pomponio* standard in *Cheek v. United States*,  498 U.S. 192 (1991)   Although the Court in *Cheek* used the term "specific intent" to describe wilfulness, it is more useful to view the *mens rea* for tax crimes as simply requiring proof that the defendant (1) intended to commit the acts charged, and (2) intended to violate the law by committing those acts.  It is the second level of willfulness  -- intent to violate the law -- that places an unusually high burden on the government.  Ordinarily, ignorance of the law is does not excuse a person's criminal culpability.  The law usually assumes that everyone is on notice of what is illegal.  As such, the government, in many criminal cases only prove *mens rea* as to the prescribed act, and not prove that the defendant knew, or intended, to violate the law. *Id*. at 201.  This special treatment of criminal tax offense is largely due to the complexity of the tax laws. *Id* at 200.

In *Cheek*, the Supreme Court held that an honest misunderstanding of the law is a complete defense to tax fraud, even if that belief is unreasonable. 498 U.S. at 203.  Cheek was a commercial airline pilot and a tax protestor who was charged with multiple counts of failing to file returns and of tax evasion.  Representing himself at trial, the defendant argued that he did not act wilfully because he had, in good faith, mistakenly believed both that (1) wages were not "income" under the tax laws, and (2) the income tax was unconstitutional. *Id*. at 195.

During deliberations, the jury twice requested that the court clarify the standard for determining willfulness.  In response, the court told the jury that an honest but unreasonable belief was not a defense, and did not negate willfulness.  *Id*. at 197.  The court further stated that

"advice or research resulting in the conclusion that wages [were] not income or that the tax law [were] unconstitutional [was] not objectively reasonable. . . ." *Id*.  The Seventh Circuit affirmed the conviction, and Cheek appealed to the Supreme Court.

The Supreme Court reversed the conviction and remanded the case for a new trial. The Court reiterated that the government had to show, in a criminal tax case, that a defendant voluntarily and intentionally violated a known legal duty.  The Court further reasoned that, if the defendant had an honest, good faith misunderstanding of the law, then he did not intentionally violate the law, irrespective of whether his misunderstanding was unreasonable. Thus, the trial court had mistakenly instructed on the appropriate legal standard.

Government does not know whether the defendant will challenges the government's evidence with respect to willfulness.  However, in many criminal tax prosecutions, willfulness is often the focal point of the prosecution since proof of willfulness, of necessity, is generally established with circumstantial evidence.  As such, government counsel should be permitted great latitude in offering evidence which has a bearing on willfulness to add the jury in its determination of whether the government had proven the willfulness element beyond a reasonable doubt.

5

III.    **CONCLUSION**

        For all of the foregoing reasons, government counsel respectfully urges the Court

to grant counsel the permission to ask the IRS's SDC representative about the foregoing statistics

pertaining to returns prepared and filed by Defendant Friday James on the ground the information

sought to be elicited is relevant evidence within the meaning of F.R.E. 402 and that probative

value of the information substantially outweigh prejudice that the defendant might inure to the

defendant under F.R.E. 403.

        Respectfully yours,

        ZANE DAVID MEMEGER
        UNITED STATES ATTORNEY

        /Floyd J. Miller

        _____

        Floyd J. Miller
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Motion in Limine was electronically filed with the Clerk of Court for the United States District Court, Eastern District of Pennsylvania and that a copy of the same was served upon counsel for the defendant by United States Mail, postage prepaid, which was addressed to:

Mr. Gilbert Scutti, Esquire
Attorney & Counselor at Law
31 Station Avenue
Somerdale, New Jersey 08083

/Floyd J. Miller

_____

Floyd J. Miller
Assistant United States Attorney