# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-R-106 NS |
| FRIDAY JAMES | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Counsel for the United States respectfully requests that the Court include the attached instructions in its charge to the jury in addition to the following Third Circuit Pattern Criminal Jury Instructions: 2.17 (if applicable during trial); 3.01; 3.02; 3.03; 3.04; 3.05; 3.06; 3.07; 3.08; 3.09; 3.12; 3.16; 3.17; 4.11; 4.14; 4.15; 4.18; 4.27 (if defendant does not testify); 4.28 (if defendant testifies); 4.32 (if defendant testifies); 4.39 (if defendant offers character evidence); and 4.40 (if applicable).  Government counsel further requests leave of court to file any additional and further instructions as may appear necessary and proper.

Respectfully submitted,

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

RICHARD BARRETT
Assistant United States Attorney
Chief, Public Corruption, Labor, Tax
 and Civil Rights

/Floyd J. Miller

_____
FLOYD J. MILLER
Assistant United States Attorney

# TABLE OF CONTENTS

| **Proposed Instruction Number** | **The Proposed Instructions** |
|---|---|
| 1 | The Indictment |
| 2 | The Statute: Title 26, United States Code, Section 7206(2) |
| 3 | The Purpose of Section 7206(2) |
| 4 | The Elements of Section 7206(2) |
| 5 | First Element: Aid and Abet |
| 6 | Second Element: Return Must Be Materially False |
| 7 | Third Element: Defendant's Conduct Must Have Been Willful |
| 8 | Audio/Video Recording |
| 9 | Unanimity As To False Item(s) on Return |
| 10 | Preparer Need Not Sign False Return |
| 11 | Motive |
| 12 | Failure to Call Witnesses |
| 13 | Opinion Evidence |

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

**The Indictment**

The criminal charges against defendant FRIDAY JAMES are listed in a document known as an Indictment.  The Indictment, which contains 27 counts, reads as follows:

1.      The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States.

2.      Defendant FRIDAY JAMES was a tax return preparer in the Eastern District of Pennsylvania and the owner of Frika Tax Services.  During tax years 2008 and 2009, defendant FRIDAY JAMES prepared tax returns for a number of wage earners living within the Eastern District of Pennsylvania.

The First Time Home Buyer's Credit

3.      For first-time home buyers in the United States who purchased homes after April 8, 2008, a refundable tax credit, known as the First Time Home Buyer's Credit ("FTHBC"), could be claimed by using IRS Form 5405, which was required to be filed with the home buyer/taxpayer's federal income tax return.  As a refundable credit, a tax filer could obtain a tax refund even if the filer had not paid any taxes to the federal treasury.

4.      For homes purchased in 2008, the FTHBC was 10% of the purchase price of the home, with a maximum available credit of $7,500 for either a single taxpayer or a married couple filing a joint return, or $3,750 for married persons filing separate returns.

-2-

5.      The FTHBC was not available for taxpayers who had purchased homes prior to April 8, 2008, or who had previously owned a home or homes within the prior three years.

6.      The Worker, Homeownership and Business Assistance Act of 2009 ("WBAA-2009") extended the deadline for taxpayers who had a binding contract to purchase a home before May 1, 2010.  The closing deadline was extended to September 30, 2010 by The Worker, Homeownership and Business Assistance Act of 2010 ("WBAA-2010") which was enacted on July 2, 2010.

<u>Unreimbursed Employee Business Expenses</u>

7.      When filing their tax return for 2008 and 2009, an employee had the option of either using the standard expense deduction established by the IRS, or itemizing the employee's business expenses if the employee was not reimbursed by his employer for the incurred expenses.  To take advantage of this deduction, the employee was required to prepare and file IRS Form 2106.

8.      The deductions that could be claimed as itemized deductions included some, but not all, work-related expenses for travel, meals, entertainment or transportation, including cost arising from the employee's use of his own car if the employee was not reimbursed by his employer.

9.      The expenses deducted on IRS Form 2106 had to exceed 2 percent of the filer's adjusted gross income.  If the filer was an independent contractor or a sole proprietor, the filer could still deduct business expenses, but not on Form 2106.

10.      Defendant FRIDAY JAMES prepared false tax returns in 2008 and 2009,

-3-

fraudulently increasing the credits and refunds for taxpayers for whom he prepared tax returns by

falsely claiming First Time Home Buyer's Credits and by falsely claiming deductible expenses.

11.     On or about the dates listed in the chart below, in the Eastern

District of Pennsylvania and elsewhere, defendant

**FRIDAY JAMES**

willfully aided, assisted,  procured, counseled, and advised the preparation and presentation to the

Internal Revenue Service, of joint U.S. Individual Income Tax Returns, Forms 1040 and its

accompanying Schedule A, in addition to materially false IRS Form 2106 and IRS Form 5405,

when the defendant then and there knew and believed that the returns and accompanying

schedules were materially false as described in the counts listed below:

| Count | Tax Filer | Falsely Claimed Items |
|-------|-----------|-----------------------|
| 1 | B. T. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 2 | B.T. | Line Item 27 (Unreimbursed Employee Expenses), Line item 29 (Total Itemized Deductions) and Form 5405. |
| 3 | J.B. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions), and Form 5405. |
| 4 | J.B. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |

-4-

| 5 | J.B. | Line Item 27 (Unreimbursed Employee Expenses),  Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 6 | N.C. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 7 | N.C. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 8 | E.E. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 9 | E.E. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 10 | C.H. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 11 | E.J. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 12 | E.J. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 13 | J.M. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 14 | J.M. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 15 | N.A. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |

| 16 | N.A. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
|----|------|------------------------------------------------------------------------------------------------------|
| 17 | J.B. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 18 | J.B. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 19 | F.D. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 20 | E.F. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 21 | E.F. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 22 | S.J. | Line Item 27 (Unreimbursed Employee Expense), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 23 | S.J. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 24 | A.K. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 25 | R.V. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
| 26 | R.V. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |

| 27 | T.B. | Line Item 27 (Unreimbursed Employee Expenses), Line Item 29 (Total Itemized Deductions) and Form 5405. |
|----|------|------|

In the violation of Title 26, United States Code, Section 7206(2).

## GOVERNMENT'S PROPOSED INSTRUCTION NO.2

### The Statute: Title 26, United States Code, Section 7206(2)

Section 7206(2) provides, in pertinent part, that:

Any person who . . . [w]illfully aids or assists in, or procures, counsel, or advises the preparation or presentation under . . . the internal revenue laws, of a return . . . which is fraudulent or is false as to any material matter . . . shall be guilty of a felony.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

**The Purpose of Section 7206(2)**

The purpose of the statute is to make it a crime for one to knowingly assist another in preparing and filing a false income tax return.  The statute has a broad sweep, making all forms of willful assistance in preparing a false return an offense.  Anyone who causes a false return to be filed, or furnishes information which leads to the filing of a false return, can be guilty of violating Section 7206(2).

There need not be actual physical preparation of the return if the evidence demonstrates that the defendant provided aid, assistance, and advice in the preparation of the false tax return, or took other actions that caused the taxpayer to file the false tax return.

The question is whether the defendant consciously did something that led to the filing of the false return.

---

*United States v. McCrane*, 527 F.2d 906, 913 (3d Cir. 1975), *vacated on other grounds*, 427 U.S. 909, *reaff'd in relevant part on remand,* 547 F.2d 204 (3d Cir. 1976 (*per curiam)*;
*United States v. Jackson*, 452 F.2d 144, 147 (7th Cir. 1971); *United States v. Hooks*, 848 F.2d 785, 791 (7th Cir. 1988) (citations omitted); *accord United States v. Coveney*, 995 F.2d 578, 588 (5th Cir. 1993)

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 4

### The Elements of Section 7206(2)

Counts One (1) through twenty-seven (27) of the indictment charge Defendant FRIDAY JAMES with aiding and assisting in the preparation and filing of materially false tax returns which were violations of federal law.  In order to find the defendant guilty of these offenses, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:      Defendant FRIDAY JAMES aided, assisted, procured, counseled, advised, or caused the preparation or presentation, that is, the filing of the returns, described in each of the 27 counts in the indictment;

Second:      The returns were false or fraudulent as to a material matter; and

Third:      Defendant FRIDAY JAMES' conduct was willful.

_____

*United States v. Gambone*, 314 F.3d 163, 174 (3d. Cir. 2003).

-10-

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

**First Element: Aid and Abet**

In order to aid and abet another person in committing a crime, it is necessary that the accused wilfully associate themselves in some way with the criminal venture, and wilfully participate in it as she would in something she wishes to bring about; that is to say, that she willfully seeks by some act or omission to make the criminal venture succeed.

In making a determination as to whether a defendant aided or assisted in, or procured or advised the preparation for filing of false income tax returns, the fact that the defendant did not sign the income tax returns in question is not material to your consideration.

---

*United States v. McCrane* 527 F.2d 906, 913 (3d Cir. 1975), *vacated on other grounds*, 427 U.S. 909, *reaff'd in relevant part on remand,* 547 F.2d 204 (3d Cir. 1976 (*per curiam)*; *United States v. Jackson*, 452 F.2d 144, 147 (7th Cir. 1971); *United States v. Hooks*, 848 F.2d 785, 791 (7th Cir. 1988) (citations omitted); *accord United States v. Coveney*, 995 F.2d 578, 588 (5th Cir. 1993).

<u>**GOVERNMENT'S REQUESTED INSTRUCTION NO.6**</u>

<u>**Second Element:  Return Must Be Materially False**</u>

The second element that the government must prove beyond a reasonable doubt is that each of the tax returns prepared by Defendant FRIDAY JAMES was false as to a material matter. In this case, the indictment charges that Line Item 27, Line Item 29, and IRS Form 5405 were false.

A income tax return may be false by reason of an understatement of income. The tax return may also be false because of an overstatement of lawful deductions, or because deductible expenses are mischaracterized on the return.

The false statement in the return must be material.  This means that it must be essential to an accurate determination of tax liability, or the amount of the refund claimed by each filer, for whom Defendant FRIDAY JAMES prepared tax returns.  However, the government need not prove the existence of a tax deficiency, or a loss to the government.

_____

Third Circuit Modern Criminal Jury Instructions, Section 6.26.7206-3 (2009).

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 7**

**Third Element: Defendant's Conduct Must Have Been Willful**

The third element that the government must prove beyond a reasonable doubt is that Defendant FRIDAY JAMES acted willfully.  "Willfully" means a voluntary and intentional violation of a known legal duty.

Defendant FRIDAY JAMES' conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law.  A good faith belief is one that is honestly and genuinely held.  However, a mere disagreement with the law, or belief that the tax laws are unconstitutional or otherwise invalid, does not constitute a good faith misunderstanding of the requirements of the law.   All persons have a duty to obey the law whether or not they agree with it.

In determining the issue of willfulness, you are entitled to consider anything done or omitted to be done by the defendant and all facts and circumstances in evidence that may aid in the determination of his state of mind.  It is obviously impossible to ascertain or prove directly the operations of the defendant's mind, but a careful and intelligent consideration of the facts and circumstances shown by the evidence in any case may enable one to infer what another's intentions were in doing or not doing things.  With the knowledge of definite acts, you may draw definite logical conclusions.

People in their daily affairs are continuously called upon to decide from the acts of others what their intentions or purposes is.   Experience has also taught us that frequently actions speak more clearly than spoken or written words.  To this extent, you must rely in part on circumstantial

evidence in determining the guilt or innocence of the defendant.  In this regard, there are certain matters that you may consider as pointing to willfulness if you find such matters to exist in this case.

By way of illustration only, willfulness may be inferred from conduct such as making false entries or alterations, concealment of assets, covering up sources of income, or any conduct the likely effect of which would be to mislead or to conceal.  I give you these instances simply to illustrate the type of conduct you may consider in determining the issue of willfulness.  I do not by this instruction mean to imply that the defendant engaged in any such conduct.  It is for you as the trier of the facts to make this determination as to whether the defendant did or did not.

_____

*Cheek v. United States*, 498 U.S. 192, 200-01 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 8

**Audio/Video Recording**

During the trial you heard an audio and saw a video recording of a conversation with the defendant made without his knowledge. This recording was made with the consent and agreement of Brandy Taylor, the other party to the conversation with the defendant.

The use of this procedure to gather evidence is lawful and the record may be used by either party.

_____

Sand, et al., *Modern Federal Jury instructions - Criminal Volumes* (Matthew Bender - 2003), 5-10

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 9

**Unanimity As To False Item (s) On Return**

The indictment charges that the tax returns that Defendant FRIDAY JAMES aided and assisted in preparing were materially false in the following respects: Line Item 27;  Line Item 29 and Form 5405.

The government is not required to prove that both Line Item 27 and Line Item 29, and Form 5405 were all materially false.  Evidence which proves, beyond a reasonable doubt, that a single item is materially false is sufficient.  However, each of you must agree with each of the other jurors that the same item is materially false.  Unless you unanimously agree that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty.

---

Third Circuit Pattern Instruction § 6.26.7206-5

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 10

**Preparer Need Not Sign False Return**

In making a determination as to whether a defendant aided, assisted in, counseled, advised, or set in motion certain acts that resulted in the preparation or presentation of fraudulent or false tax returns, the fact that the defendant did not sign the returns, or did not prepare the income tax returns in question, is not material to your consideration.  It is also not necessary for the government to prove that any taxpayer, whose returns were fraudulent or false, had knowledge of the falsity of the returns.

_____

*United States v. Nealy*, 729 F.2d 961, 963 (4th Cir. 1984).  <u>*Accord United States v. Wolfson*</u>, 573 F.2d 216, 225 (5th Cir. 1978); *see also United States v. Dunn*, 961 F.2d 648, 651 (7th Cir. 1992); *United States v. Motley*, 940 F.2d 1079, 1084 (7th Cir. 1991).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 11

**Motive**

Motive is not an element of the offenses with which Defendant FRIDAY JAMES is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that Defendant FRIDAY JAMES is guilty and proof of good motive alone does not establish that Defendant FRIDAY JAMES is not guilty.  Evidence of the defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which a particular act is done.  Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable, while prompting another person to intentionally do an act that is a crime.

_____

Third Circuit Modern Criminal Jury Instructions, Section 5.0 (2009).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

**<u>Failure to Call Witnesses</u>**

Although the government is required to prove the defendant's guilty beyond a reasonable doubt, the government is not, in fact, required to produce all possible witnesses, or all possible documents, which may bear on the case who may have some knowledge about the facts of the case.

---

<u>See</u> 3 Sand et al., <u>Modern Federal Jury Instructions</u>, § 6.04 at 6-7 (1999); *United States v. Welch*, 15 F.3d 1202, 1215 n.17 (1st Cir. 1993) (inference not permissible when testimony could have been corroborative or cumulative).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

**Opinion Evidence**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Joseph Piccione who offered his opinions about the falsities of certain deductions and tax credits on the 27 tax returns that are charged in the indictment.  Because of his knowledge, skill, experience, training or education in the field of federal income tax compliance,   Mr. Piccione was permitted to offer his opinions in that field and the reasons for his opinions.

The opinions of this witness should receive whatever weight you think is appropriate along with all the other evidence in the case.  In weighing this opinion testimony, you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that Mr. Piccone's opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

_____

Third Circuit Model Instruction Number 4.08

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Proposed Jury

Instructions were electronically filed with the Clerk of Court for the United States District

Court, Eastern District of Pennsylvania, on August 25, 2012 and that a copy of the same

instructions was served upon counsel for the defendant by United States Mail, postage

prepaid, bearing the following mailing address:

Gilbert Scutti, Esquire
Attorney & Counselor at Law
31 Station Avenue
Somerdale, New Jersey 08083


/Floyd J. Miller

_____

Floyd J. Miller
Assistant United States Attorney