IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 12-cr-00106NS-1 |
| v. | : | |
| FRIDAY JAMES | : | |

MOTION FOR LEAVE TO FILE
A MOTION IN LIMINE

      Pursuant to Rule 104(a) of the Federal Rules of Evidence, counsel for the United States, United States Attorney Zane David Memeger and Assistant United States Attorney Floyd J. Miller, hereby respectfully request leave of Court to file this Motion In Limine which moves the Court for an Order which permits government counsel to offer into evidence an admission made by Defendant Friday James. The admission is contained in a certified copy of a Memorandum Opinion issued by United States District Court Judge Gene E.K. Pratter, dated April 12, 2011.[1]

      The basis for this motion is more fully explained in the attached Memorandum in Support. Government counsel does not seek to offer Judge Pratter's entire Memorandum Opinion into evidence during the trial of Defendant James. The admission is limited to one statement made by the defendant which is located in paragraph 5, page 8, of Judge Pratter's Opinion.

---

[1] A certified copy of Judge Pratter Memorandum Opinion is attached to this motion and marked as "Government Exhibit A."

1

        Respectfully submitted

        ZANE DAVID MEMEGER
        UNITED STATES ATTORNEY

        /Floyd J. Miller

        _____

        Floyd J. Miller
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 12-cr-00106NS-1 |
| v. | : | |
| FRIDAY JAMES | : | |

**MEMORANDUM IN SUPPORT OF THE
GOVERNMENT'S MOTION IN LIMINE**

I. **BACKGROUND FACTS**

On April 12, 2011, United States District Judge Gene E.K Pratter published a Memorandum Opinion and Order which enjoined Defendant Friday James from preparing, or filing, income tax returns for other tax filers ("Judge Pratter's Order). As support for her ruling, Judge Pratter made factual findings following an evidentiary hearing. One of the factual findings was based upon an admission made by Defendant Friday James. The statement, which qualifies as an admission by a party-opponent, was that the defendant had worked as an income tax return preparer for H&R and Liberty Tax Service before he opened his own tax preparation service company. Frika Tax Service was the name of the defendant's company. Government counsel seeks a pretrial ruling from the Court which will permit this admission to be offered into evidence.

II. **DISCUSSION**

An admission by a party-opponent, if relevant to any issue of consequence in a litigation, should be admitted into evidence unless it violates a rule of evidence. *See* Federal

Rule of Evidence 802(d)(2)(A).  Defendant James made an admission during his civil injunction hearing before Judge Pratter which government counsel submits is relevant to the "willfulness element" of 26 U.S.C. Section 7206(2) because the admission is evidence from which the jury can infer the extent of the defendant's knowledge regarding the preparation of federal income tax returns for individuals.

As noted in the government's trial brief, willfulness has been defined by the Supreme Court as a voluntary, intentional violation of a known legal duty.  *Cheek v. United States*, 498 U.S. 192, 200 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976).  An act is done willfully if it is done intentionally, as opposed to negligently, inadvertently, or by mistake.  *United States v. Sassak*, 881 F.2d 276, 279-80 (6th Cir. 1989).  Moreover, in this context, willfulness is a subjective standard that, absent a confession or admission, can be inferred from the defendant's background or conduct.  *United States v. Askfield*, 735 F.2d 101, 105-07 (3d Cir. 1984).

Willfulness is most effectively viewed in two parts:  (1) that a defendant knew of his obligations under the tax laws, and (2) he intentionally violated the law.  Good motive alone is not a defense to a finding of willfulness where the act done or omitted is a crime.  *See Pomponio*, 429 U.S. at 11-12.  *Accord United States v. Dillon*, 566 F.2d 702, 704 (10th Cir. 1977).

In this case, Defendant Friday James's prior employment with H&R Block and Liberty Tax Service is relevant evidence because the evidence shows that the defendant was obviously trained to prepare tax returns, otherwise, he could not worked for either company.  His admission with regards to his employment is evidence from which the jury can infer, to some extent, the

depth and breath of the defendant's knowledge regarding the correct manner in which to prepare tax returns.  In other words, it is reasonable to assume that H&R Block and Liberty Tax Service would not have entrusted the defendant with the responsibility of preparing tax income without, in the first instance, subjecting the defendant to a minimal level of training with regards to the manner of how tax returns had to be prepared.  By not doing so, both companies would have exposed themselves to liability.  Such a course of conduct by H&R and Liberty Tax Service would appear to be unreasonable and to defy common sense.

     If the court decides to permit government counsel to offer into evidence the specific admission referenced in this Memorandum, the Court may want to consider giving the jury a limiting instruction regarding the extent to which the admission can be used.

                                                       Respectfully submitted

                                                      ZANE DAVID MEMEGER
                                                      UNITED STATES ATTORNEY

                                                      /Floyd J. Miller
                                                      _____

                                                      Floyd J. Miller
                                                      Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Motion In Limine was served upon counsel for the defendant by United States Mail, this 4th day of September 2012 by Federal Express Mail which was addressed to counsel at the address listed below. A copy the motion was also electronically filed with the Clerk of Court.

Gilbert Scutti, Esquire<br>
Attorney & Counselor at Law<br>
31 Station Avenue<br>
Somerdale, New Jersey 08083

/Floyd J. Miller
_____
Floyd J. Miller
Assistant United States Attorney